IN THE UNITED STATES DISTRICT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD J. KRAUSE AND DEBRA M. KRAUSE, | ) ) ) |
| Plaintiffs, | ) Civil Action No.: |
| VS. | ) 1:08cv199-MEF ) ) |
| SAFECO INSURANCE COMPANY OF ILLINOIS, | ) JURY TRIAL DEMANDED ) ) |
| Defendant. | ) |

2008 MAR 21 A 10:07

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT AL

## COMPLAINT

**COME NOW** the Plaintiffs in the above styled cause, Richard J. Krause and Debra M. Krause, and as a basis for the relief hereinafter demanded, say as follows; to-wit:

### NATURE OF THE ACTION

1. This is an action for uninsured motorist insurance benefits due to Plaintiffs, Richard J. Krause and Debra M. Krause, as a result of personal injuries and damages proximately resulting from a motor vehicle accident which occurred on or about July 26, 2007 on Flowers Chapel Road at or near the intersection of Wellston Road in Dothan, Houston County, Alabama.

### PARTIES AND JURISDICTION

2. The Plaintiff, Richard J. Krause, an individual, sustained injuries and damages in the accident of July 26, 2007 and was at all times relevant to the allegations made in this Complaint a citizen and resident of Dothan, Houston County, Alabama.

SCANNED BK 3-21-08

Plaintiff, Richard J. Krause, at all times relevant to the allegations made in this Complaint resided at 226 Lighthouse Drive, Dothan, Alabama 36305.

3.      The Plaintiff, Debra M. Krause, an individual, was at all times relevant to the allegations made in this Complaint the wife of Plaintiff, Richard J. Krause. Plaintiff, Debra M. Krause, was at all times relevant to the allegations made in this Complaint a citizen and resident of Dothan, Houston County, Alabama. At all time relevant to the allegations made in this Complaint, Plaintiff, Debra M. Krause, lived at 226 Lighthouse Drive, Dothan, Alabama 36305.

4.      The Defendant, Safeco Insurance Company of Illinois, is an insurance corporation incorporated under the laws of the State of Illinois and/or incorporated under the laws of a state other than the State of Alabama having its principle place of business at 2800 West Higgins Road, Suite 1100, Hoffman Estates, Illinois 60195.

5.      The amount in controversy exceeds, exclusive of interest and costs, the jurisdictional amount specified by 28 U.S.C. §1332.

## COUNT I

6.      On July 26, 2007, Plaintiff, Richard J. Krause, was operating a 2006 Harley Davidson 130 motorcycle on Flowers Chapel Road at or near the intersection of Wellston Road in Dothan, Houston County, Alabama. Flowers Chapel Road and Wellston Road are public highways in Houston County, Alabama.

7.      At the aforesaid time and place, the Plaintiff, Richard J. Krause, was seriously injured when the motorcycle he was operating struck a 2001 Nissan Maxima automobile that pulled into the path of his motorcycle. At said place and on said occasion, the 2001 Nissan Maxima automobile was being operated by Casey Ellen

Brown, who so negligently operated her vehicle so as to cause or allow it to pull into the path of the motorcycle being operated by the Plaintiff, Richard J. Krause, and such negligent conduct of Casey Ellen Brown was a proximate cause of the Plaintiff, Richard J. Krause's injuries and damages hereinafter described.

8. On or about July 26, 2007, Casey Ellen Brown, was insured with an automobile liability insurance policy issued by Alfa Mutual Automobile Insurance Company. The sum of the policy limits of the liability insurance policy issued to Casey Ellen Brown by Alfa Mutual Automobile Insurance Company was less than the damages which the Plaintiffs, Richard J. Krause and Debra M. Krause, are legally entitled to recover.

9. On or about July 26, 2007, Casey Ellen Brown, was operating an uninsured motor vehicle as that term is defined by §32-7-23 (b)(4) of the *Code of Alabama* (1975).

10. On or about July 26, 2007, Plaintiffs, Richard J. Krause and Debra M. Krause, were insured by motorcycle liability insurance policies issued by Progressive Specialty Insurance Company. Said policies of motorcycle insurance provided coverage for uninsured motorist benefits as that term is defined by §32-7-23 of the *Code of Alabama* (1975).

11. On or about February 11, 2008, Casey Ellen Brown's automobile liability insurance carrier, Alfa Mutual Automobile Insurance Company, paid to the Plaintiffs the policy limits available under Casey Ellen Brown's automobile liability insurance policy in the amount of $50,000.00.

12. On or about February 11, 2008, Progressive Specialty Insurance Company paid to the Plaintiffs the uninsured motorist policy limits available to the Plaintiffs under their motorcycle liability insurance policies in the amount of $60,000.00.

13. On or about July 26, 2007, Plaintiffs, Richard J. Krause and Debra M. Krause, were insured by automobile liability insurance policies issued by the Defendant, Safeco Insurance Company of Illinois. Said policies of insurance provided coverage for uninsured motorist benefits as that term is defined by §32-7-23 of the *Code of Alabama* (1975).

14. The Plaintiffs, Richard J. Krause and Debra M. Krause, accepted Alfa Mutual Automobile Insurance Company's and Progressive Specialty Insurance Company's policy limits pursuant to the terms and provisions set forth in *Lambert v. State Farm Mutual Automobile Insurance Company,* 576 So.2d 160 (Ala.1991). Said sums were accepted by the Plaintiffs with the express written permission of the Defendant, Safeco Insurance Company of Illinois. Defendant, Safeco Insurance Company of Illinois, waived in writing its subrogation claim against Casey Ellen Brown and Alfa Mutual Automobile Insurance Company on February 11, 2008.

15. As a proximate result of the negligent conduct of Casey Ellen Brown, an uninsured motorist, the Plaintiff, Richard J. Krause, suffered the following injuries and damages; to-wit:

> Plaintiff, Richard J. Krause, suffered emotional distress, mental anguish and pain. Plaintiff suffered a right posterior cruciate ligament injury; a pubic ramus fracture and a left ankle fracture. The Plaintiff was caused to undergo long and extensive treatment in and about an effort to treat his injuries. Plaintiff sustained serious and severe injuries to his body. The Plaintiff was caused to undergo doctor, hospital, rehabilitation hospital, and physical therapy treatment in and about an effort to cure his injuries and damages; and as a result of his injuries will be caused to

undergo doctor, hospital and medical treatment in the future. He has suffered and continues to suffer great physical pain and mental anguish and will so suffer in the future. He has sustained a permanent disability and impairment to his body as a result of his injuries. He has been caused to expend great sums of money for doctor, hospital, rehabilitation, physical therapy, drug and other treatment. The Plaintiff has been caused to lose wages as a result of his injuries.

**WHEREFORE**, Plaintiff, Richard J. Krause, demands judgment against the Defendant, Safeco Insurance Company of Illinois, for uninsured motorist benefits in the amount of $100,000.00 and costs.

## COUNT II

16. Plaintiffs hereby adopt and incorporate paragraphs 1 through 15 of this Complaint as if set out in full herein.

17. Plaintiff, Debra M. Krause, is the lawful wife of Plaintiff, Richard J. Krause, and was his lawful wife at all times material to the allegations in this Complaint.

18. As a proximate consequence and result of the aforesaid negligent conduct of Casey Ellen Brown, an uninsured motorist, as more specifically heretofore set forth, the Plaintiff, Debra M. Krause, was caused to suffer the following injuries and damages; to-wit:

   a. She was caused and will be caused in the future to lose the services and consortium of her husband, Richard J. Krause.

   b. She was caused and will be caused in the future to suffer great emotional and mental distress and anguish; and

   c. She was otherwise injured and damaged.

**WHEREFORE**, Plaintiff, Debra M. Krause, demands judgment against the Defendant, Safeco Insurance Company of Illinois, for uninsured motorist benefits in such

an amount as the jury empanelled to here this case may assess in excess of the jurisdictional amount specified by 28 U.S.C. §1332 plus costs.

*[signature]*

Rufus R. Smith, Jr. (SMI060)
Attorney for Plaintiffs
Rufus R. Smith, Jr. & Associates
Post Office Drawer 6629
Dothan, Alabama 36302
(334) 671-7959
Fax (334) 671-7957
rufusrsmith@yahoo.com

### JURY DEMAND

Plaintiffs demand trial by struck jury.

*[signature]*

Rufus R. Smith, Jr. (SMI060)
Of Counsel for Plaintiffs

### REQUEST FOR CERTIFIED MAIL SERVICE BY CLERK

The Plaintiffs hereby request that the clerk service the Defendant by certified mail, return receipt requested, pursuant to Rule 4.1(g) of the *Federal Rules of Civil Procedure*

*[signature]*

Rufus R. Smith, Jr. (SMI060)
Attorney for Plaintiffs

### SERVE DEFENDANT BY CERTIFIED MAIL AS FOLLOWS:

Safeco Insurance Company of Illinois
2800 West Higgins Road, Suite 1100
Hoffman Estates, Illinois 60195

```
DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602004390
Cashier ID: khaynes
Transaction Date: 03/21/2008
Payer Name: RUFUS R SMITH
-----------------------------------
CIVIL FILING FEE
 For: RUFUS R SMITH
 Case/Party: D-ALM-1-08-CV-000199-001
 Amount:         $350.00
-----------------------------------
CHECK
 Check/Money Order Num: 16618
 Amt Tendered:   $350.00
-----------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00

Krause et al v. Safeco Insurance
Company of Illinois
```