IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD J. KRAUSE and DEBRA M. KRAUSE, | * * * |
| Plaintiffs, | * * |
| v. | *     CASE NO. 1:08-cv-199-MEF * |
| SAFECO INSURANCE COMPANY OF ILLINOIS, | * * * |
| Defendant. | * |

## ANSWER OF DEFENDANT SAFECO INSURANCE COMPANY OF ILLINOIS

Comes now the defendant, Safeco Insurance Company of Illinois, and for answer to plaintiffs' complaint heretofore filed says as follows:

1. This defendant admits there was a motor vehicle accident on July 26, 2007 on Flowers Chapel Road at or near the intersection of Wellston Road in Dothan, Houston County, Alabama. This defendant denies the remaining allegations contained in paragraph 1 of plaintiffs' complaint and demands strict proof thereof.

2. This defendant is without knowledge or information sufficient to answer the allegations contained in paragraph 2 of plaintiffs' complaint and demands strict proof thereof.

3. This defendant is without knowledge or information sufficient to answer the allegations contained in paragraph 3 of plaintiffs' complaint and demands strict proof thereof.

4. This defendant admits that it is an insurance corporation organized under the laws of a state other than the state of Alabama. This defendant denies the remaining allegations contained in paragraph 4 of plaintiffs' complaint and demands strict proof thereof.

5. This defendant denies the allegations contained in paragraph 5 of plaintiffs' complaint and demands strict proof thereof.

## COUNT I

6. This defendant admits the allegations contained in paragraph 6 of plaintiffs' complaint.

7. This defendant admits there was a collision between a motor vehicle driven by Richard J. Krause and a motor vehicle driven by Casey Allen Brown. This defendant denies the remaining allegations contained in paragraph 7 of plaintiffs' complaint and demands strict proof thereof.

8. This defendant admits that Casey Ellen Brown was insured with an automobile liability insurance policy issued by Alfa Mutual Automobile Insurance Company. This defendant denies the remaining allegations contained in paragraph 8 of plaintiffs' complaint and demands strict proof thereof.

9. This defendant denies the allegations contained in paragraph 9 of plaintiffs' complaint and demands strict proof thereof.

10. This defendant is without knowledge or information sufficient to answer the allegations contained in paragraph 10 of plaintiffs' complaint and demands strict proof thereof.

11. This defendant admits the allegations contained in paragraph 11 of plaintiffs' complaint.

12. This defendant admits the allegations contained in paragraph 12 of plaintiffs' complaint.

13. This defendant admits the allegations contained in paragraph 13 of plaintiffs' complaint.

14. This defendant admits the allegations contained in paragraph 14 of plaintiffs' complaint.

15. This defendant denies the allegations contained in paragraph 15 of plaintiffs' complaint and demands strict proof thereof.

## COUNT II

16. This defendant adopts its answers to paragraphs 1 through 15 of plaintiffs' complaint as though fully set out herein.

17. This defendant is without knowledge or information sufficient to answer the allegations contained in paragraph 17 of plaintiffs' complaint and demands strict proof thereof.

18. This defendant denies the allegations contained in paragraph 18 of plaintiffs' complaint and demands strict proof thereof.

19. This defendant denies each and every allegation of plaintiffs' complaint not herein admitted, controverted or specifically denied.

## DEFENSES

1. For a first, separate and distinct defense, this defendant pleads as a set-off the $50,000 paid by Alfa Mutual Automobile Insurance Company to the plaintiffs and the $60,000 paid by Progressive Specialty Insurance Company to the plaintiffs as a result of the accident which forms the basis of this complaint.

2. For a second, separate and distinct defense, this defendant avers that plaintiffs have failed to mitigate their damages.

3. This defendant reserves the right to amend and add other defenses as may later become apparent and applicable.

        /s/ Ronald G. Davenport
RONALD G. DAVENPORT (DAV044)
Attorney for Defendant Safeco Insurance
Company of Illinois

OF COUNSEL:

Rushton, Stakely, Johnston & Garrett, P.A.
P. O. Box 270
Montgomery, AL 36101
(334) 206-3100
(334) 481-0804 (fax)
rgd@rsjg.com

## CERTIFICATE OF SERVICE

     I hereby certify that on April 14, 2008, I electronically filed the foregoing with the Clerk of the Court using the AlaFile electronic filing system and have also served a copy on the following by e-filing or mailing the same by United States mail properly addressed and first class postage prepaid:

    Rufus R. Smith, Jr., Esq.
    Rufus R. Smith, Jr. & Associates
    P. O. Drawer 6629
    Dothan, AL 36302

        /s/ Ronald G. Davenport
OF COUNSEL